ORIGINAL
FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ ... 1 2 2006 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
LYNWOOD WILKERSON,

         Movant,

  -against-

UNITED STATES OF AMERICA,

         Respondent.

-----------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. CV-05-3836 (FB)

*Appearances:*
*For the Movant:*
LINWOOD WILKERSON, *pro se*
59571-053
FCI-Allenwood
Post Office Box 2000
White Deer, PA 17887

*For the Respondent:*
ROSLYNN R. MAUSKOPF, ESQ.
United States Attorney
Eastern District of New York
By: DAVID C. JAMES, ESQ.
Assistant United States Attorney
147 Pierrepont Plaza
Brooklyn, NY 11201

**BLOCK, Senior District Judge**

    Proceeding *pro se*, Linwood Wilkerson ("Wilkerson") moves to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Wilkerson contends that he is entitled to relief because (1) he received ineffective assistance of trial counsel; (2) the Court gave "misleading [i]nstructions of [o]ffense on the [m]urder [c]harge"; (3) the Court improperly admitted his co-defendant's post-arrest statement into evidence; (4) a government witness committed perjury; (5) the Court improperly enhanced his sentence for obstruction of justice; and (6) he could not be convicted of conspiracy since his alleged

1

co-conspirator was acquitted at a separate trial. None of these claims were raised on direct appeal. *See United States v. Wilkerson*, 361 F.3d 717 (2d Cir. 2004) (affirming judgment). For the reasons stated below, the motion is denied.

## I.

There is no dispute as to the relevant facts. The Court accepts the factual and procedural history as set forth in the respondent's memorandum of law. *See* Mem. of Law in Opp'n to Pet., at 2-9.

## II.

The general rule for collateral review is that a claim omitted from direct appeal may not be raised in a § 2255 motion without a showing of cause and prejudice. *See Massaro v. United States*, 538 U.S. 500, 504 (2003). One of the notable exceptions, however, are claims of ineffective assistance of trial counsel, which can be raised in a § 2255 motion regardless of whether they were first asserted on direct appeal. *See id.*

In order to prevail on an ineffective assistance of counsel claim, the movant must show that counsel's representation (1) "fell below an objective standard of reasonableness" based on "prevailing professional norms," and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).

Wilkerson has failed to show a reasonable probability that, but for trial counsel's alleged errors – failure to subpoena Wilkerson's wife and unspecified prison

inmates – the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 694. Given the insufficiency of Wilkerson's allegations regarding the importance of these potential witnesses, the Court exercises its discretion in denying an evidentiary hearing. *See Newfield v. United States*, 565 F.2d 203, 207 (2d Cir. 1977) (unless § 2255 motion is supported by sufficient affidavit, decision to hold evidentiary hearing is at discretion of district court).

### III.

The Court now turns to those claims that have been procedurally defaulted because they were not raised on direct appeal. With respect to Wilkerson's second claim, the trial record reflects that the Court correctly instructed the jury as to the aggravated offense of aiding and abetting the use of a firearm in furtherance of a crime of violence, resulting in death, *see* Tr. at 746-47, and that the government would have to prove each element of the crimes charged beyond a reasonable doubt, *see id.* at 716-18; the verdict form contained no error as to this count of the indictment. With respect to the third and fourth claims, Wilkerson argues many of the same issues raised in his post-trial Rule 33 motion, which the Court denied; after a careful review of the record, the Court finds no basis to support Wilkerson's other related allegations. With respect to Wilkerson's fifth claim, the Court has reviewed the sentencing transcript – particularly those sections of the transcript that Wilkerson appended to his memorandum – and determines that its calculation of an enhancement was proper. *See* Sent. Tr. at 15-16, 26-27. Finally, with respect to the sixth claim, Wilkerson simply misstates the law regarding conviction for conspiracy. *See*

*Standefer v. United States*, 447 U.S. 10, 21-25 (1980) (holding government not collaterally estopped from prosecuting defendant for aiding and abetting another defendant acquitted of relevant counts in prior trial); *see also United States v. Massey*, 89 F.3d 1433, 1439 n.5 (11th Cir. 1996).

## IV.

Although Wilkerson does not assert ineffective assistance of appellate counsel, the Court will liberally construe his § 2255 motion as raising this claim. As discussed above, all of Wilkerson's otherwise defaulted claims are without merit; accordingly, Wilkerson cannot show that appellate counsel's representation, in failing to raise those claims on appeal, "fell below an objective standard of reasonableness." *See Strickland*, 466 U.S. at 688.

## CONCLUSION

Wilkerson's § 2255 motion is denied. Because Wilkerson has failed to make a substantial showing of the denial of a federal right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

**SO ORDERED.**

FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
December 8, 2006

4