UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------x
LINWOOD WILKERSON,

               Movant,                    **MEMORANDUM AND ORDER**
                                                        Case No. 05-CV-3836 (FB)

    -against-

UNITED STATES OF AMERICA,

               Respondent.
----------------------------------------------------x

*Appearances:*

| For the Movant: | For the Respondent: |
|---|---|
| LINWOOD WILKERSON, *pro se* | LORETTA E. LYNCH, ESQ. |
| #59571-053 | United States Attorney |
| FCI Allenwood Medium | Eastern District of New York |
| Federal Correctional Institution | 271 Cadman Plaza East |
| Post Office Box 2000 | Brooklyn, New York 11201 |
| White Deer, Pennsylvania 17887 | |
| | By DAVID C. JAMES, ESQ. |
| |     Assistant U.S. Attorney |

**BLOCK, Senior District Judge:**

      Linwood Wilkerson is currently in custody pursuant to the Court's judgment convicting him of, *inter alia*, aiding and abetting the use of a firearm in connection with a robbery and sentencing him principally to 211 months' imprisonment. The Second Circuit affirmed the judgment in 2004. *See United States v. Wilkerson*, 361 F.3d 717, *cert. denied*, 543 U.S. 908 (2004). In 2006, the Court denied Wilkerson's motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. *See Wilkerson v. United States*, 2006 WL 3545436 (E.D.N.Y. Dec. 8, 2006).

Wilkerson now moves for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). In addition, he moves to amend that motion. The motion to amend is granted, but the Rule 60(b) motion, as amended, is denied.

I

Wilkerson's amended Rule 60(b) motion asserts two grounds for relief. First, he argues that the Court incorrectly held that one of his claims was procedurally barred. Second, he argues that the Court's imposition of a sentencing enhancement for obstruction of justice violated his Sixth Amendment right to a jury trial. The Court addresses those arguments in turn.

**A. Actual Innocence**

In his original § 2255 motion, Wilkerson argued that the Court improperly instructed the jury on the charge of aiding and abetting the use of a firearm. The Court held that the claim was procedurally barred because it was not raised on direct appeal. *See Wilkerson*, 2006 WL 3545436, at *1 (citing *Massaro v. United States*, 538 U.S. 500, 504 (2003)). In the alternative, it held that the claim was without merit. *See id.* ("[T]he trial record reflects that the Court correctly instructed the jury as to the aggravated offense of aiding and abetting the use of a firearm in furtherance of a crime of violence, resulting in death[.]").

Wilkerson argues that the Court should have applied the actual innocence exception to his procedural default. *See Bousley v. United States*, 523 U.S. 614, 622 (1998) ("Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." (citations and internal quotation marks omitted)). As explained in the Court's alternative holding, however, the claim was without merit regardless of the procedural default. Thus, the actual innocence exception would not have changed the result.

In any event, although Wilkerson invokes "actual innocence," what he argues is that the evidence was insufficient to convict. "In order to demonstrate his actual innocence, [a defendant] must prove his 'factual innocence, not mere legal insufficiency[.]'" *United States v. Thorn*, 649 F.3d 227, 233-34 (2d Cir. 2011) (quoting *Bousley*, 523 U.S. at 623). And even if actual innocence were synonymous with legal insufficiency, the Second Circuit has already held that the evidence was sufficient to convict on the aiding-and-abetting charge. *See Wilkerson*, 361 F.3d at 723-26; *Yick Man Mui v. United States*, 614 F.3d 50, 55 (2d Cir. 2010) ("[A] Section 2255 petitioner may not relitigate questions which were raised and considered on direct appeal." (citation and internal quotation marks omitted)).

B. **Sentencing Enhancement**

Wilkerson was sentenced under the mandatory guidelines regime. At the time of sentencing, it was uniformly understood that sentencing enhancements based on judge-found facts did not violate the Sixth Amendment right to a jury trial. *See United States v. Garcia*, 240 F.3d 180, 184 (2d Cir. 2001) ("We . . . join the other nine circuits that have ruled on direct review that a guideline factor, unrelated to a sentence above a statutory maximum or to a mandatory statutory minimum, may be determined by a sentencing judge and need not be submitted to a jury."). The Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), changed that understanding, but "*Booker* does not apply retroactively to cases on collateral review." *Guzman v. United States*, 404 F.3d 139, 140 (2d Cir. 2005).

## II

Wilkerson's amended Rule 60(b) motion is denied. Because he has not made a substantial showing of a denial of his constitutional rights, a certificate of appealability will not issue.

**SO ORDERED.**

/S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
June 6, 2014

4